UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE CHAVIS, <br><br> Defendant. | Case No. CR12-062RSL <br><br> ORDER DENYING MOTION FOR TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant's "Motion for Early Termination of Supervised Release." Dkt. # 1440. Having reviewed defendant's memorandum and exhibits, the United States Probation Office's noncompliance summary, Dkt. # 1442, and the remainder of the record, the Court DENIES defendant's motion.

On January 16, 2013, defendant pleaded guilty to conspiracy to possess firearms in furtherance of a drug-trafficking crime. Dkt. # 609. Defendant was sentenced by this Court to 60 months imprisonment followed by two years of supervised release. Dkt. # 818. Defendant began his term of supervised release in September 2016, and he now asks to terminate the supervision.

1    Defendant is a veteran who suffers from medical issues including neuromyotonia, and although he is unable to work, defendant is actively involved with assisting homeless veterans. On September 1, 2017, defendant tested positive for marijuana in violation of the terms of supervision. Dkt. # 1442.

The Court may terminate a period of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When deciding whether to terminate supervised release, the Court "enjoys discretion to consider a wide range of circumstances." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).[1]

Based on defendant's positive drug test, the United States Probation Office opposes early termination, and the Court agrees. The Court commends defendant's desire to serve as a counselor to homeless veterans and incarcerated persons, and the Court encourages defendant to continue these endeavors. Based on the nature of the initial crime, however, and the recent drug violation, the Court finds that early termination of supervised release is not warranted at this time.

For all of the foregoing reasons, defendant's motion is DENIED.

---

[1] In making this determination, the Court considers the following: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public, and to provide the defendant with needed training, medical care, or other treatment in the most effective manner; relevant guidelines or policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among similarly situated defendants; and the need to provide restitution to any victims. 18 U.S.C. § 3583(e); id. § 3553(a).

DATED this 27th day of November, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR TERMINATION OF
SUPERVISED RELEASE - 3